11694

### STATE v. GOODWIN

(126 S. E., 519)

1. JURY—TRIAL BY JURY CONTAINING MEMBERS OF GRAND JURY BY
   WHICH INDICTMENT WAS FOUND HELD ERROR.—Trial by jury con-
   taining two members of the grand jury by which indictment under
   which defendant was tried was found, in violation of Code Cr. Proc.,
   1922, § 86, *held* error.

2. JURY—JURY CONTAINING JUROR WHICH STATE HAD BEEN PER-
   MITTED TO STAND ASIDE HELD UNLAWFUL JURY.—Jury containing
   juror which State had been permitted to stand aside in violation of
   Code Cr. Proc., 1922, § 88, *held* unlawful jury.

3. CRIMINAL LAW—TESTIMONY THAT DECEASED CARRIED GUN FOR HIS
   PROTECTION, IN CONSEQUENCE OF WHAT DEFENDANT'S WIFE HAD TOLD
   HIM, HELD INADMISSIBLE.—In homicide prosecution, testimony that
   deceased carried his gun for protection, in consequence of what
   defendant's wife had! told him, *held* inadmissible, though jury were
   not told what the wife said.

Before SEASE, J., Bamberg, February, 1924. Reversed
and remanded.

E. L. Goodwin convicted of manslaughter appeals.

*Mr. R. M. Jeffries,* for appellant, cites: *Verdict should
have been directed:* 97 S. E., 62; 117 S. C., 470; 103 S.
C., 437; 47 S. C., 67.

*Messrs. R. L. Gunter, Solicitor,* and *J. W. Crum,* for the
State.

February 16, 1925.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This is a second appeal. The first case appears in 120
S. E., 496, where a full statement of the case may be found.
A short statement here will be sufficient.

Jacob Carter was found dead at his wood pile, near his
house, shot through the back with buckshot, and the ap-
pellant has been convicted of manslaughter for the killing.
From the sentence this appeal is taken. There are many

exceptions. The appellant in his argument states four assignments of error.

I. "That a fair and impartial jury was not secured to try the case." It certainly was not a lawful jury.

(a) Two members of the grand jury that brought in a true bill upon the indictment were allowed to sit on the petit jury that tried the case. This is forbidden by the statute. Section 86, Code of Criminal Procedure, reads:

"No member of the grand jury which has found an indictment shall be put upon the jury for the trial thereof."

(b) Jurors were required to "stand aside." This is also forbidden by the statute. Section 88 provides:

"But no right to stand aside jurors shall be allowed to the State in any case whatsoever."

The record is not clear as to what did occur at the trial. The appellant's attorney asked that one juror be required to "stand aside." To stand aside a juror has a definite meaning, which seems not to have been observed in this case, and that leads to confusion as to what did occur.

The prosecuting attorney, under the old practice, exercised the right to stand aside a juror. The juror was not then presented. After the panel was exhausted, without filling the jury, and the defense had exhausted its peremptory challenge, then the juror who had been "stood aside" was presented and the defense was at the mercy of the prosecution. This right to stand aside a juror was considered a right that might be abused, and the statute was passed to destroy the right to "stand aside."

II. The Court erred to the prejudice of the defendant by admitting much testimony.

(a) The Court did err in allowing Miss Ella Goodwin to say that Mrs. E. L. Goodwin, the wife of the appellant, came to the house of the deceased, and, in consequence of what Mrs. Goodwin said, the deceased carried his gun for his protection.

It is frequently heard in the trial of causes that an officer got certain information, and in consequence of that information the officer went to a certain place and found certain evidence. It is wholly immaterial whether the officer received the information or not, and the admission of those words is not prejudicial. Here, however, the statement made by the wife of the accused was the important evidence, and the statement that in consequence of what the wife said the deceased armed himself, left to the jury only one inference, and that was that the husband intended to inflict personal injury on the deceased. It would have been better for the witness to have told just what was said and then the jury could have drawn their own conclusion. This point must be sustained.

III. Was there any evidence? The competent evidence before and now are practically the same, and it has already been decided that there was sufficient evidence to carry the case to the jury.

The judgment is reversed and a new trial ordered.

MR. JUSTICE WATTS and MR. ACTING JUSTICE W. C. COTHRAN concur.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.